# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **PATRICIA MCINTYRE,**<br>**on behalf of herself and all others similarly**<br>**situated,**<br><br>        **Plaintiff,**<br><br>**v.**<br><br>**RENTGROW, INC.,**<br>**d/b/a Yardi Resident Screening,**<br><br>        **Defendant.** | **Case No. 1:18-cv-12141-ADB** |

## DEFENDANT RENTGROW, INC.'S
## <u>MOTION TO DISMISS AND STRIKE CLASS CLAIMS</u>

Defendant RentGrow, Inc. ("RentGrow") hereby moves, pursuant to Rule 12(b)(6), 12(f) and/or 23(d)(1)(D) of the Federal Rules of Civil Procedure, to dismiss all class claims and to strike all class allegations contained in Plaintiff's Class Action Complaint (ECF 1) (the "Complaint").  Plaintiff's class claims should be dismissed because the Complaint fails to state a plausible claim to relief under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681e(b), on behalf of any purported class.

Plaintiff's class claims fail as a matter of law because the Complaint does not allege any facts plausibly suggesting the existence of putative class members at all, let alone plausible Section 1681e(b) claims on behalf of other persons.  *See Bearbones, Inc. v. Peerless Indem. Ins. Co.*, 2016 WL 5928799 (D. Mass. Oct. 11, 2016).  Pleading a class claim under Section 1681e(b) requires alleging facts plausibly showing that (i) inaccurate information was included in putative class members' credit reports; (ii) putative class members suffered injury; and (iii) such injuries were caused by the inclusion of the inaccurate entries.  *See Richardson v. Fleet Bank,* 190 F.

Supp. 2d 81, 85 (D. Mass. 2001).  Not only is the Complaint devoid of such alleged facts, but each of these elements requires individualized factual inquiries that would need to be addressed in mini-trials for each putative class member, which is clearly not permitted by Rule 23. Likewise, the Complaint's purported definitions of the putative class and subclasses violate Rule 23 because each would require extensive, individualized fact-finding simply to determine who is even in the putative class or subclass. *See Shanley v. Cadle*, 277 F.R.D. 63 (D. Mass. 2011).  Accordingly, the class claims should be dismissed and all class allegations stricken from the Complaint.[1]

This motion is based upon the accompanying Memorandum; the pleadings and records on file in this action; and such further evidence and argument as may be presented at the hearing.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), RentGrow respectfully requests that the Court schedule a hearing on this motion.

## LOCAL RULE 7.1(a)(2) CERTIFICATION

The undersigned certifies that counsel have conferred and attempted in good faith to resolve or narrow the issues raised in this motion.

---

[1] Specifically, RentGrow respectfully requests that the Court strike from the Complaint all references to purported class claims or allegations, including those in paragraphs 1, 78-85, 87, and the Prayer for Relief.

4846-1202-4194.2

Respectfully submitted,

RENTGROW, INC.

By its attorneys,

Dated:  December 13, 2018

/s/ Matthew J. Frankel
Matthew J. Frankel (BBO #664228)
Elizabeth Nagle (BBO #696775)
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110
Telephone:  (617) 345-1000
Facsimile:  (617) 345-1300
mfrankel@nixonpeabody.com
enagle@nixonpeabody.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 13, 2018.

/s/ Matthew J. Frankel

4846-1202-4194.2