UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PATRICIA MCINTYRE, *on behalf of herself and all others similarly situated*, | * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action No. 18-cv-12141-ADB |
| RENTGROW, INC., d/b/a/ YARDI RESIDENT SCREENING, | * * * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER
ON MOTION TO DISMISS OR TO STRIKE CLASS CLAIMS**

BURROUGHS, D.J.

On October 12, 2018, Patricia McIntyre ("Plaintiff") initiated this consumer class action brought under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x, in which she alleged that RentGrow, Inc. d/b/a Yardi Resident Screening ("Defendant") published misleading and inaccurate tenant screening reports to landlords and property managers in violation of 15 U.S.C. § 1681e(b). [ECF No. 1 ("Complaint" or "Compl.") ¶¶ 1–2]. 15 U.S.C. § 1681e(b) requires consumer reporting agencies to "follow reasonable procedures to assure maximum possible accuracy of the information" they report. Plaintiff brings this FCRA claim on behalf of herself and a putative nationwide class of tenants who were similarly harmed by Defendant's inaccurate consumer reports. [Id. ¶¶ 78–85]. Currently pending before the Court is Defendant's motion to dismiss or to strike the class allegations in the Complaint, which has been fully briefed. See [ECF Nos. 12–13, 16–17, 20, 24]. For the following reasons, Defendant's motion to dismiss or to strike the class claims [ECF No. 12] is DENIED.

1

I.  BACKGROUND

The following facts are drawn from the Complaint, the well-pleaded allegations of which are taken as true for purposes of evaluating Defendant's motion to dismiss. See Ruivo v. Wells Fargo Bank, 766 F.3d 87, 90 (1st Cir. 2014).

Defendant is in the business of preparing tenant screening reports for sale to landlords and property managers. See [Compl. ¶¶ 10, 22]. These reports include information "bear[ing] on the credit history, credit worthiness, reputation, personal characteristics, and mode of living" of prospective tenants. [Id. ¶ 22]. To populate these reports, Defendant has for years purchased public records information relating to residential eviction litigation ("eviction information") from private vendors. [Id. ¶ 10]. The information Defendant purchases from private vendors only contains a summary, which Defendant knows is often incomplete or not current. [Id. ¶¶ 11–12]. Defendant does not directly access the underlying court records. [Id. ¶ 10]. As a result, "Defendant regularly reports inaccurate and out-of-date eviction information pertaining to eviction cases and judgments that have been dismissed, withdrawn, satisfied, or have resulted in a judgment for the tenant." [Id. ¶ 23]. Defendant is aware that large credit reporting agencies now refrain from using public records information in some of their consumer reporting products, as a result of state attorneys general investigations and civil litigation.[1] [Id. ¶¶ 19–20]; see [id. ¶¶ 13–18].

On July 27, 2017, Plaintiff applied to rent an apartment at Alden Park, an apartment complex in Philadelphia, PA. [Id. ¶ 26]. A representative of Alden Park obtained a report from

---

[1] On March 8, 2015, TransUnion, LLC, Equifax Information Services, LLC, and Experian Information Solutions, Inc. entered into a settlement agreement with the New York Attorney General. [Compl. ¶¶ 13, 17]. As a result of the settlement, after July 1, 2017, these credit reporting agencies have excluded civil judgment information that does not meet certain minimum standards from credit reports. [Id. ¶ 18].

2

Defendant about Plaintiff for a fee ("Tenant Report"). [Id.]. Defendant prepared the Tenant Report using information purchased from TransUnion. [Id. ¶ 27]. The Tenant Report contained eleven inaccurate and out-of-date items of eviction information. [Id. ¶¶ 28–75]. At all relevant times, current information relating to these items was publicly available for free through the Philadelphia Municipal Court Electronic Filing System. See [id. ¶¶ 25, 28–75]. As a result of the Tenant Report furnished by Defendant, Plaintiff was unable to secure rental housing. [Id. ¶ 76].

Plaintiff seeks to certify the following nationwide class:

### *Failure to Update Class – Nationwide*

For the period beginning five (5) years prior to the filing of this Complaint and continuing through the date of judgment, all natural persons with an address in the United States and its Territories who were subjects of tenant screening reports created by Defendant that contained eviction information, but which failed to state that the action had been withdrawn, dismissed, non-suited, or resulted in a judgment for the tenant defendant according to court records dated at least 30 days prior to the date of the report.

[Id. ¶ 78].

She also seeks to certify the following two subclasses:

### *Failure to Update Subclass I: Commonwealth of Pennsylvania*

For the period beginning five (5) years prior to the filing of this Complaint and continuing through the date of judgment, all natural persons with an address in the United States and its Territories who were subjects of tenant screening reports created by Defendant that contained information pertaining to a landlord tenant action filed within the Commonwealth of Pennsylvania, but which failed to state that the action had been withdrawn, dismissed, non-suited, or resulted in a judgment for the tenant defendant according to court records dated at least 30 days prior to the date of the report.

### *Failure to Update Subclass II: Philadelphia*

For the period beginning five (5) years prior to the filing of this Complaint and continuing through the date of judgment, all natural persons with an address in the United States and its Territories who were subjects of tenant screening reports

3

created by Defendant that contained information pertaining to a landlord tenant action filed in the Philadelphia, Pennsylvania Municipal Court but which failed to state that the action had been withdrawn, dismissed, non-suited, or resulted in a judgment for the tenant defendant according to court records dated at least 30 days prior to the date of the report.

[Id.].

## II. DISCUSSION

Defendant seeks dismissal of the class allegations on the grounds that the Complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) and does not meet the notice requirements of Federal Rule of Civil Procedure 8. [ECF No. 13 at 9–10; ECF No. 17 at 7–9, 13–14]. In the alternative, Defendant asks the Court to strike the class allegations from the Complaint pursuant to Federal Rule of Civil Procedure 12(f). [ECF No. 13 at 10–14; ECF No. 17 at 7, 9–17]. After assessing the Complaint in light of the elements of a § 1681e(b) claim, the Court concludes that striking class allegations at this stage is premature.

Under the FCRA, "credit reporting agencies"[2] are required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). A claim under § 1681e(b) has four elements: "(1) inaccurate information was included in a consumer's credit report; (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered injury; and (4) the consumer's injury was caused by the inclusion of the inaccurate entry." Richardson v. Fleet Bank of Mass., 190 F. Supp. 2d 81, 85 (D. Mass. 2001) (quoting Philbin v. Trans Union Corp., 101 F.3d 957, 962 (3d Cir. 1996)). The *sine qua non* of a § 1681e(b) claim is an actual inaccuracy in a consumer's credit report.

---

[2] The parties do not dispute that Defendant falls within the FCRA's definition of "credit reporting agency" or that the reports in question would be considered "credit reports." See [Compl. ¶¶ 7, 22; ECF No. 13 at 5]; see also 15 U.S.C. § 1681a(b), (d), (f).

4

See DeAndrade v. Trans Union LLC, 523 F.3d 61, 66 (1st Cir. 2008) ("[T]o prevail on a § 1681e(b) claim, a plaintiff must demonstrate that his or her credit report sports an *actual* inaccuracy."); see also Soutter v. Equifax Info. Servs., LLC, 498 F. App'x 260, 265 (4th Cir. 2012) (explaining that plaintiff's § 1681e(b) claim "requires her to prove that . . . her credit report was inaccurate"); Owner-Operator Indep. Drivers Ass'n v. USIS Commercial Servs., Inc., 537 F.3d 1184, 1194 (10th Cir. 2008) ("To prevail in a § 1681e(b) suit, the plaintiff must show '. . . the report in question was, in fact, inaccurate . . . .'" (quoting Cassara v. DAC Servs., Inc., 276 F.3d 1210, 1217 (10th Cir. 2002)). "A credit report is inaccurate if the information it contains is 'misleading in a material sense.'" Cavanaugh v. Equifax Info. Servs., LLC, No. 2:18-cv-00281-NT, 2018 WL 4760827, at *3 (D. Me. Oct. 2, 2018) (quoting Chiang v. Verizon New England Inc., 595 F.3d 26, 37 (1st Cir. 2010)). In addition, in order to recover statutory damages, a plaintiff must show that the FCRA violation was willful. See 15 U.S.C. § 1681n(a).

At the motion to dismiss stage, when class allegations are challenged, the "question before the Court . . . is not whether the class should be certified, but whether the class allegations in the complaint should be stricken." Bearbones, Inc. v. Peerless Indem. Ins., No. 3:15-cv-30017-KAR, 2016 WL 5928799, at *9 (D. Mass. Oct. 11, 2016) (quoting Barrett v. Avco Fin. Servs. Mgmt. Co., 292 B.R. 1, 11 (D. Mass. 2003). "To survive a motion to dismiss a class action, 'a plaintiff must properly allege a factual basis showing that there are similarly situated persons entitled to relief . . . and/or that common issues of fact predominate sufficiently to satisfy the traditional Fed. R. Civ. P. 12(b)(6) standard.'" Craw v. Hometown Am., LLC, No. 18-cv-12149-LTS, 2019 WL 1298588, at *11 (D. Mass. Mar. 21, 2019) (quoting Cavallaro v. UMass Mem'l Health Care, Inc., 971 F. Supp. 2d 139, 152 (D. Mass. 2013)). Under the traditional Rule 12(b)(6) standard, the Court accepts as true all well-pleaded facts, analyzes those facts in the

light most favorable to the plaintiff's theory, and draws all reasonable inferences from those facts in favor of the plaintiff. United States ex rel. Hutcheson v. Blackstone Med., Inc., 647 F.3d 377, 383 (1st Cir. 2011). When assessing the sufficiency of a complaint, the Court then "separate[s] the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." Id. (quoting Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012)). Next, the Court "determine[s] whether the remaining factual content allows a 'reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Morales-Cruz, 676 F.3d at 224). "[T]he court may not disregard properly pled factual allegations, 'even if it strikes a savvy judge that actual proof of those facts is improbable.'" Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

Here, the Complaint alleges that the Defendant had a regular practice of purchasing eviction information from private vendors in the form of summaries and that Defendant was aware that these summaries were "routinely" not updated. [Compl. ¶¶ 10–12]. The Complaint further claims that Defendant's practice of purchasing these summaries was long-standing, despite Defendant's knowledge of the errors, and resulted in the provision of inaccurate or incomplete information in tenant screening reports which harmed thousands of consumers. [Id. ¶¶ 10, 21, 23–24, 79].

Defendant primarily relies on Ridenour v. Multi-Color Corp., 147 F. Supp. 3d 452 (E.D. Va. 2015), to support its contentions that these allegations do not state a plausible claim for relief. [ECF No. 13 at 10; ECF No. 17 at 8]. In Ridenour, the court dismissed class allegations on a motion to dismiss as speculative because the complaint identified just one inaccurate report. 147 F. Supp. 3d at 460. Ridenour involved an allegation that a consumer reporting agency

"misclassified a prior conviction for a *traffic* offense as a *criminal* offense" as part of an employment background check. Id. at 454–55. The plaintiff sought to certify a class under § 1681e(b) based on the consumer reporting agency's failure to follow reasonable procedures. Id. at 460. As the court observed, while the complaint alleged the consumer reporting agency's failure to follow reasonable procedures, it nowhere alleged that the resulting reports contained inaccuracies, which is an essential element of a § 1681e(b) claim. Id. (noting that the complaint "makes *no mention* of such reports actually containing inaccuracies"). Without factual allegations supporting inaccuracies in the reports about class members, the court concluded that any class relief was speculative and could not withstand a motion to dismiss. Id.

Defendant is correct that there are parallels between Ridenour and the present case, including the fact that both complaints identify with specificity only one named plaintiff and one corresponding inaccurate report. See Ridenour, 147 F. Supp. at 460; [Compl. ¶¶ 28–75]. The difference between Ridenour and the instant case, however, is the character and frequency of the inaccuracies identified by Plaintiff here. Unlike in Ridenour, which alleged a traffic violation mischaracterized as a criminal offense, the Complaint here suggests that similarly-situated individuals involved in landlord-tenant actions that were "withdrawn, dismissed, non-suited, or resulted in a judgment for the tenant defendant" had similarly inaccurate or incomplete reports, as a result of Defendant's practice of purchasing summaries that were routinely not updated or verified by reference to the underlying documents. See [Compl. ¶¶ 10–12, 21, 23–24]. Only discovery can show whether the inaccuracies alleged were widespread and similar enough to support class certification. At the present juncture, drawing all inferences in Plaintiff's favor, the factual contentions pled in the Complaint sufficiently allege that members of the alleged class suffered harm based on Defendant's practice of purchasing reports containing incomplete or

inaccurate summaries of eviction information and therefore creates "a plausible entitlement to relief by putative class members to survive a motion to dismiss." See Cavallaro, 971 F. Supp. 2d at 152–53.

It follows that the Complaint also meets the notice pleading requirements of Rule 8. Rule 8 requires that a complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief" and that each allegation therein is "simple, concise and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). The purpose of Rule 8 "is to give defendants fair notice of the claims and their basis as well as to provide an opportunity for a cogent answer and defense." See Belanger v. BNY Mellon Asset Mgmt., No. 15-cv-10198, 2015 WL 3407827, at *1 (D. Mass. May 27, 2015). The instant Complaint meets the requirements of Rule 8 because it sets out simple and concise factual allegations concerning the named plaintiff's experience with Defendant as well as factual allegations regarding Defendant's long-standing practice of purchasing inaccurate or incomplete reports. See, e.g., [Compl. ¶¶ 10–12, 21, 23–24, 28–75].

Having found that the class allegations in the Complaint survive dismissal under Rule 12(b)(6), the next step is to consider whether the same allegations should be excised pursuant to Rule 12(f). Federal Rule of Civil Procedure 12(f) allows a party to move to strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The prevailing rule in the First Circuit is that a court may strike class allegations from a complaint as immaterial or impertinent if it is "obvious" from the pleadings that "the proceeding cannot possibly move forward on a classwide basis." See Manning v. Boston Med. Ctr. Corp., 725 F.3d 34, 59 (1st Cir. 2013). Striking class allegations, however, is a "drastic" and "disfavored" remedy because it "requires a reviewing court to preemptively terminate the class aspects of . . . litigation, solely on the basis of what is alleged in the complaint, and before

plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification." Id. (quoting Mazzola v. Roomster Corp., 849 F. Supp. 2d 395, 410 (S.D.N.Y. 2012)); see also Henderson v. Bank of N.Y. Mellon, 322 F.R.D. 432, 434 (D. Mass. 2017) (citing Manning, 725 F.3d at 58–60).

This concern about preemptively terminating a class is borne out in the case law on § 1681e(b) classes, which largely contains examples of cases that have proceeded to the class certification stage. See, e.g., Owner-Operator Indep. Drivers Ass'n, 537 F.3d at 1194 (affirming denial of certification of § 1681e(b) class); Patel v. TransUnion, LLC, 308 F.R.D. 292, 310 (N.D. Cal. 2015) (certifying § 1681e(b) class); Soutter v. Equifax Info. Svcs., 307 F.R.D. 183, 193, 219 (E.D. Va. 2015) (certifying § 1681e(b) class following remand); Ramirez v. TransUnion, LLC, 301 F.R.D. 408, 416, 426 (N.D. Cal. 2014) (certifying § 1681e(b) class); Gomez v. Kroll Factual Data, Inc., No. 13-cv-00445-WJM-KMT, 2014 WL 1456530, at *1, *4 (D. Colo. Apr. 14, 2014) (denying certification of § 1681e(b) class); Harper v. TransUnion, LLC, No. 04-cv-03510, 2006 WL 3762035, at *1, *10 (E.D. Pa. Dec. 20, 2006) (similar). But see Leo v. Appfolio, Inc., No. 17-cv-05771-RJB, 2018 WL 623647, at *5 (W.D. Wa. Jan. 30, 2018) (denying motion to strike § 1681e(b) class allegations as premature); Ridenour, 147 F. Supp. 3d at 460 (granting motion to dismiss § 1681e(b) class claim because allegations were speculative). Although meeting the requirements of Federal Rule of Civil Procedure 23 may be difficult, it is by no means impossible or impermissible for claims brought under § 1681e(b). Cf. Ramirez, 301 F.R.D. at 422 (reviewing case law and concluding that the "cases do not hold that the issue of accuracy in a FCRA claim always defeats certification").

Here, Defendant presents arguments on ascertainability and predominance that echo those found in the case law referenced supra, but without the benefit of a factual record beyond

9

the well-pled allegations of the Complaint.  See generally [ECF Nos. 13, 17].  While these arguments concerning the elements of class certification may be well-taken, the question presented on a Rule 12(f) motion is not whether a class will ultimately be certified, which remains an uphill battle for Plaintiff, but instead whether Plaintiff could ever proceed with her claims on a classwide basis.  See Manning, 725 F.3d at 59.  On the instant Complaint, which pleads a plausible claim for class relief, the Court cannot conclude that Plaintiff is foreclosed from proceeding on a classwide basis.  Therefore, Defendant's request to strike the class allegations under Rule 12(f) is denied.

### III. CONCLUSION

Accordingly, Defendant's motion to dismiss or to strike the class allegations in the Complaint [ECF No. 12] is DENIED.

**SO ORDERED.**

August 1, 2019                                          /s/ Allison D. Burroughs
                                                        ALLISON D. BURROUGHS
                                                        U.S. DISTRICT JUDGE