UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PATRICIA MCINTYRE, on behalf of herself and all others similarly situated, | *<br>*<br>*<br>* |  |
| Plaintiff, | *<br>* |  |
| v. | *<br>* | Civil Action No. 18-cv-12141-ADB |
| RENTGROW, INC., d/b/a YARDI RESIDENT SCREENING, | *<br>*<br>* |  |
| Defendant. | *<br>* |  |

## **MEMORANDUM AND ORDER**

BURROUGHS, D.J.

On July 16, 2021, the Court granted Defendant Rentgrow, Inc.'s ("Defendant") motion for summary judgment and dismissed the case. [ECF No. 117]. Having prevailed on its motion for summary judgment, Defendant now seeks $9,089.75 in deposition-related costs. See [ECF No. 124 at 1]. Plaintiff Patricia McIntyre ("Plaintiff") has moved to disallow some of these costs. [ECF No. 125]. For the reasons set forth below, Plaintiff's motion is GRANTED in part and DENIED in part, and costs of $5,284.95 are ALLOWED.

**I.    BACKGROUND**

Defendant seeks $9,089.75 in costs that it asserts have been "necessarily incurred in this case." [ECF No. 124-1 ¶ 2]. These costs include: (1) $4,479.35 for Plaintiff's deposition transcript; (2) $2,667.50 for videographer services associated with Plaintiff's deposition; (3) $989.25 for witness Patrick Hennessey's deposition transcript; (4) $616.25 for witness Vanessa Armbruster's deposition transcript; and (5) $337.40 for witness Lauren R. Grinberg's deposition transcript. [Id. ¶ 4].

II.     **DISCUSSION**

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). While "[t]here is a background presumption [under Rule 54(d)] favoring cost recovery for prevailing parties," B. Fernandez & HNOS, Inc. v. Kellogg USA, Inc., 516 F.3d 18, 28 (1st Cir. 2008), "[t]he award of costs is a matter given to the discretion of the district court," Sharp v. Hylas Yachts, Inc., No. 11-cv-11814, 2016 WL 10654435, at *1 (D. Mass. June 14, 2016). Recovery of costs under Rule 54(d) is governed by 28 U.S.C. § 1920. Id. Section 1920 provides that a "judge or clerk of any court of the United States may tax as costs":

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees. . . ;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services . . . .

28 U.S.C. § 1920. "Courts are 'bound by the limitations' established by section 1920 and costs not listed under that section may not be awarded." Greater New York Mut. Ins. Co. v. Lavelle Indus., Inc., No. 13-cv-10164, 2017 WL 1496914, at *1 (D. Mass. Apr. 25, 2017) (quoting Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 444–45 (1987)).

A.     **Transcript Costs**

"Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" are recoverable. 28 U.S.C. § 1920(2).

Plaintiff does not object to the $1,942.90 in costs associated with Mr. Hennessey's, Ms. Armbruster's, or Ms. Grinberg's deposition transcripts. See [ECF No. 125]. Because Defendant has submitted invoices to support the transcript costs, [ECF No. 124-2], and Defendant's counsel has averred that the transcripts were necessary to prepare the summary judgment motion or for trial, [ECF No. 124-1 ¶ 4], these costs are ALLOWED.

Plaintiff opposes Defendant's request for $4,479.35 in costs related to Plaintiff's deposition transcript. [ECF No. 125 at 1–2]. She argues that Defendant is entitled to only $1,749.15 because that is what she paid for a copy of her transcript. [Id.]. Defendant asserts that it incurred additional costs because it booked that deposition and cites to an email from Veritext, the company that handled the deposition services, in support. [ECF No. 126 at 1; ECF No. 126-1 (Veritext email)]. The Veritext email explains that it is the "normal practice" for the party booking the deposition to be charged with (1) the hourly attendance fee; (2) an additional cost for preparing the original transcript, as opposed to a copy; (3) the Exhibit Share program fee; and (4) the "Veritext Virtual" fee. [ECF No. 26-1 at 2]. The email does not address any of the other costs listed on the invoice for Plaintiff's deposition transcript, including:

- a rough draft fee of $587.20;
- an expedited fee of $377.10;
- a linked exhibits fee of $125.00; and
- a Litigation Package fee of $48.00.

[ECF No. 124-2 at 9].[1] Although these services are convenient, Defendant has failed to demonstrate why they were necessarily incurred and therefore taxable under § 1920(2).

---

[1] The invoice for Plaintiff's deposition transcript also includes costs for delivery and handling ($28.00) and exhibits ($122.85). [ECF No. 124-2 at 9]. Plaintiff does not appear to object to these costs because they are included in the $1,749.15 fee that she paid for her deposition transcript, which she concedes was reasonable. [ECF No. 125 at 2 (asking the Court "to disallow all but $1,749.15 in costs associated with Plaintiff's deposition"); ECF No. 125-2 at 2].

3

Accordingly, the Court reduces Defendant's Bill of Costs by $1,137.30.[2]

### B.    Videographer Services

Plaintiff also contends that Defendant is not entitled to $2,667.50 for videographer services related to Plaintiff's deposition because Defendant made no use of the video in its summary judgment briefing and the video was not necessary for the case. See [ECF No. 125 at 1–2]. Although there is no dispute that Defendant did not use the video of Plaintiff's deposition in support of its motion for summary judgment, Defendant argues, without elaboration, that Plaintiff's videotaped deposition was necessarily obtained because it reasonably expected the video to be used at the time that the deposition took place. [ECF No. 126 at 2–3]. The Court disagrees and, aside from its bare assertion that the video services were necessary, Defendant "fails to set forth any reason why the videotaping of the deposition was necessary at the time, and the Court is unable to divine one." Kalman v. Berlyn Corp., No. 82-cv-00346, 1989 WL 112818, at *2 (D. Mass. Mar. 20, 1989) (also noting that "it is one thing to tax the cost of a deposition which might not be used at trial, it is another thing to tax the cost of both a deposition *and* a videotaping"); see also Pollack v. Reg'l Sch. Union No. 75, No. 13-cv-00109, 2018 WL 3015239, at *2 (D. Me. June 15, 2018) (disallowing costs for video depositions and citing to Kalman for support).[3] For example, Defendant has not asserted that Plaintiff was likely to be

---

[2] Other courts in this district agree that the costs associated with rough drafts and expedited transcripts are not taxable in the absence of any justification for those services. See, e.g., Keurig, Inc. v. JBR, Inc., No. 11-cv-11941, 2014 WL 2155083, at *3 (D. Mass. May 21, 2014); Modeski v. Summit Retail Sols., Inc., No. 18-cv-12383, 2020 WL 5026726, at *2 (D. Mass. Aug. 25, 2020); E8 Pharms., LLC v. Affymetrix, Inc., No. 08-cv-11132, 2014 WL 4964385, at *1 (D. Mass. Sept. 30, 2014).

[3] Although it does not have the force of law, the Court also notes that the "Taxation of Costs" guidelines issued by the Clerk's Office state that the costs of video depositions are not taxable unless there was prior permission from the Court. See Taxation of Costs, Procedures for Filing the Bill of Costs, 3, http://www.mad.uscourts.gov/resources/pdf/taxation.pdf (last visited Oct. 13,

unavailable at trial or that the video was necessary for impeachment. See Gehrman v. Twin Rivers Paper Co., No. 14-cv-00341, 2016 WL 7156470, at *2 (D. Me. Dec. 7, 2016) ("Where [the prevailing party is] silent and [has] not asserted that the videotaped deposition was necessary for impeachment, for use as a demonstrable or because the witness would be unable to attend trial, the [party has] not established the necessity of the videotaped deposition. . . ."). Therefore, the Court reduces Defendant's Bill of Costs by $2,667.50.

## III. CONCLUSION

Accordingly, Plaintiff's motion to disallow costs, [ECF No. 125], is GRANTED in part and DENIED in part. The motion is allowed with respect to the videographer services and $1,137.30 in costs associated with Plaintiff's deposition transcript. The Court allows costs of $5,284.95.

**SO ORDERED.**

October 13, 2021                                           /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE

---

2021); Hillman v. Berkshire Med. Ctr., Inc., 876 F. Supp. 2d 122, 125 (D. Mass. 2012) (finding that the "Taxation of Costs" document "does not have the force of law"). Defendant has not demonstrated that such permission was granted in this case. See Palomar Techs., Inc. v. MRSI Sys., LLC, No. 18-cv-10236, 2020 WL 4938414, at *4 (D. Mass. Aug. 12, 2020) (disallowing video deposition costs that were not preapproved or otherwise necessary); Brigham & Women's Hosp., Inc. v. Perrigo Co., 395 F. Supp. 3d 168, 172 n.1 (D. Mass. 2019) (noting that video depositions are not taxable without preapproval).